IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LAURA FRANKLIN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 2:13-CV-103-WKW |
| ) | |
| NATIONAL GENERAL ) | |
| ASSURANCE CO., ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the court is Defendant National General Assurance Co.'s Motion to Stay Proceedings (Doc. # 9), which the parties have briefed (Docs. # 14, 15, 18.) Upon consideration, the motion is due to be granted in part and denied in part.

**I. BACKGROUND**

Defendant issued an automobile insurance policy under which Ms. Franklin was named as an insured driver (the "policy"). The policy had a $50,000 coverage limit for bodily injury. During the coverage period, Ms. Franklin and Mr. Gutierrez were involved in a motor vehicle accident in Montgomery County, Alabama. While driving her automobile, Ms. Franklin rear-ended the vehicle driven by Mr. Gutierrez. As a result of this accident, Mr. Gutierrez is a paraplegic.

Mr. Gutierrez made a claim against Defendant for the policy limits, but Defendant determined that its "insured was not legally liable for [Mr. Gutierrez's] loss." (Compl. ¶ 16.) After Defendant denied Mr. Gutierrez's repeated demands for the policy limits, Mr. Gutierrez sued Ms. Franklin in an Alabama state court (the "underlying action").

During the trial court proceedings in the underlying action, Defendant defended Ms. Franklin under a reservation of rights. The case proceeded to trial on a negligence claim. The jury returned a verdict in favor of Mr. Gutierrez for $13 million, which the state trial judge remitted to $9 million. Ms. Franklin appealed the verdict and moved the Alabama Supreme Court to "authorize the trial court to accept a *supersedeas* bond in an amount less than described in Rule 8(a)(1) of the Alabama Rules of Appellate Procedure."[1] (Doc. # 18-1, at 1; Doc. # 1, at 11.) The Alabama Supreme Court granted the motion and permitted Ms. Franklin to post a *supersedeas* bond in the amount of $50,000. (Doc. # 1, at 11.) Mr. Gutierrez cross-appealed. Those appeals are pending before the Alabama Supreme Court.

---

[1] When the judgment is for the payment of money only and exceeds $10,000, Rule 8(a)(1) allows an appellant to obtain a stay of execution of the judgment pending appeal by posting an approved *supersedeas* bond "in an amount equal to . . . 125%" of the amount of the judgment. Ala. R. App. P. 8(a)(1).

In this lawsuit, Mr. Gutierrez and Ms. Franklin are aligned as Plaintiffs. Ms. Franklin brings two counts against Defendant for negligent and bad faith failure to investigate and settle (Counts I and II). Additionally, Mr. Gutierrez, through an assignment of rights from Ms. Franklin, brings two counts against Defendant. One count is for breach of the insurance contract based upon Defendant's failure to post an appeal bond for $11,250,000, or 125% of the judgment (Count III).[2] The final count is for a declaratory judgment and specific performance (Count IV). Count IV seeks a declaration that Defendant had a contractual obligation under the policy's supplementary payments provision to post an appeal bond in an amount equal to 125 percent of the judgment, as dictated by Rule 8(a)(1). Count IV further asks the court "to compel the Defendant, via the doctrine of specific performance, to . . . post a bond in the amount of 125% of the judgment . . . ." (Doc. # 1, ¶ 63.)

---

[2] Plaintiffs contend that the policy requires Defendant to pay the appeal bond, rather than just the premiums on the bond. (Doc. # 1, ¶ 66 (arguing that the policy "gives no indication of the distinction between paying the premium on an appeal bond attainable by the insured versus [Defendant] applying for the bond itself" and that the policy "plainly indicates that [Defendant] will obtain the bond").) This argument goes to the merits of Count IV. At this juncture, the court expresses no opinion on the merits; however, solely for purposes of this opinion but not as a matter of contract interpretation, the court refers to Defendant's policy obligation as pertaining to the posting of appeal bonds, rather than the payment of appeal bond premiums.

## II.  DISCUSSION

Defendant moves for a stay of this action pending resolution of the appeal in the underlying action.  It asserts two grounds for a stay:  ripeness and the court's inherent power.  Plaintiffs concede that a stay is appropriate as to Counts I, II, and III, but not as to Count IV.  Based upon Plaintiff's concession, the court will stay this action as to Counts I, II, and III without further analysis.  The following discussion addresses the arguments only with respect to Count IV.

**A.**     **Count IV is ripe.**

A declaratory judgment should not be entered unless there is a "controversy 'ripe' for judicial resolution."  *Abbott Labs. v. Gardner*, 387 U.S. 136, 148–49 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99, 105 (1977). "A controversy, to be justiciable, must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop."  *Brown & Root, Inc. v. Big Rock Corp.*, 383 F.2d 662, 665 (5th Cir. 1967).[3]

Defendant argues that Count IV is not ripe because the Alabama Supreme Court could overturn the verdict and remand the underlying case for a new trial.

---

[3] In *Bonner v. City of Prichard*, the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.  *See* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

4

Hence, Defendant contends that absent a final determination on the issue of liability, Count IV is merely a conjectural claim. Plaintiffs argue, however, that Count IV is ripe because a legal interpretation of the policy's supplementary payments provision is not dependent upon resolution of the underlying appeal. (Doc. # 14, at 7.) For the reasons that follow, Count IV is ripe.

As an initial matter, Defendant's contractual obligations involving the posting of an appeal bond fall within Defendant's duty to defend its insured. In *Burford Equipment Co. v. Centennial Insurance Co.*, the court found that the insured's contractual obligation to pay appeal bond premiums arose from the insurer's duty to defend. *See* 857 F. Supp. 1499, 1504 (M.D. Ala. 1994). An authoritative treatise is in accord. *See* 14 Russ & Segalla, Couch on Insurance § 205:44 (discussing an insurer's duty with respect to appeal bonds as an aspect of the insurer's duty to defend). Defendant has not submitted any contrary argument or authority requiring a different conclusion.

A ripe controversy generally exists in a declaratory judgment action when an insurer denies that it has a duty to defend its insured in an underlying suit, even where liability in the underlying suit is unresolved. *See Am. Fid. & Cas. Co. v. Pa. Threshermen & Farmers' Mut. Cas. Ins. Co.*, 280 F.2d 453, 461 (5th Cir. 1960). A dispute about defense obligations is ripe because the insurer's duty to defend "is a

present obligation existing during the pendency of the suit." *White-Spunner Const., Inc. v. Zurich Am. Ins. Co.*, No. 10cv158, 2010 WL 3489956, at *1 (S.D. Ala. Aug. 30, 2012). Given the nature of the duty to defend, "the federal courts in Alabama have repeatedly resolved the issue of an insurer's duty to defend . . . prior to resolution of the underlying lawsuit." *St. Paul Fire & Marine Ins. Co. v. Town of Gurley, Ala.*, No. 11cv4356, 2012 WL 3637690, at *4 (N.D. Ala. Aug. 22, 2012) (collecting cases). Defendant gives no reason why these principles, although typically addressed to the insurer's defense duties at the trial court level, would not also apply to the analysis of an insurer's defense obligations at the appellate level.

Based upon the foregoing authority, the court finds that the pendency of the appeal in the underlying action is not an impediment to Count IV's ripeness. Count IV seeks a declaration that the policy obligates Defendant to post an appeal bond for the entire judgment plus 25 percent, notwithstanding that the judgment exceeds the policy limits, and a corresponding request for specific performance of the policy. The controversy in Count IV involves a matter of contract interpretation with respect to Defendant's defense obligations to post an appeal bond. It implicates Defendant's *existing* contractual obligations, and those obligations do not depend upon the outcome of the issues on appeal. Count IV presents, therefore, a controversy ripe for adjudication.

Defendant argues that *Assurance Co. of America v. Legendary Home Builders*, 305 F. Supp. 2d 1266 (S.D. Ala. 2001), compels a different result. (Doc. # 15, at 8–9.) But that case is inapposite because it addressed the insurer's duty to indemnify. Unlike the duty to defend, "an insurer's duty to indemnify is not ripe for adjudication in a declaratory judgment action 'until the insured is in fact held liable in the underlying suit.'" *Assurance Co. of Am.*, 305 F. Supp. 2d at 1271 (quoting *Employers Mut. Cas. Co. v. Evans*, 76 F. Supp. 2d 1257, 1260 (N.D. Ala. 1999)). Accordingly, a stay is not warranted on ripeness grounds.

**B.      The court declines to exercise its inherent authority to stay Count IV.**

Federal courts have the inherent power to stay an action based on the pendency of a related proceeding in state court. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The party moving for a stay "bears the burden of establishing its necessity." *In re Colonial Bancgroup, Inc. Sec. Litig.*, No. 2:09cv104, 2009 WL 3110820, at *1 (M.D. Ala. Sept. 25, 2009) (citing *Clinton v. Jones*, 520 U.S. 681, 708 (1997)).

Relying on *Landis*, Defendant contends without elaboration that a stay of Count IV until the Alabama Supreme Court resolves the underlying appeal would be

in the "best interests of judicial economy, efficiency, and fairness." (Doc. # 9, at 3.) But these considerations do not justify a stay as to Count IV.

The issue of what the policy requires concerning Defendant's appeal bond obligations will not arise either in Ms. Franklin's appeal or Mr. Gutierrez's cross-appeal in the underlying action. Defendant is not a party to the underlying action, and no coverage issues are pending before the Alabama Supreme Court. Because the Alabama Supreme Court will not render a coverage determination as to Defendant's contractual obligations for posting an appeal bond, it is difficult to envision how judicial economy and efficiency would be served by a stay. Additionally, Defendant's cursory assertion that "fairness" necessitates a stay, unaccompanied by any effort at developed argument, is inadequate to warrant consideration.

Elsewhere in its briefing, Defendant mentions that Count IV is an attempt to "end run" the Alabama Supreme Court's Order approving a $50,000 *supersedeas* bond. (Doc. # 15, at 1–2.) It is true that the Alabama Supreme Court has countenanced a reduced bond in the amount of $50,000. Defendant has not cited anything, however, that shows that the Alabama Supreme Court reduced the bond based upon its interpretation of the policy, thus, obviating concerns of duplicative litigation. Nor, as stated, has the Alabama Supreme Court been asked to resolve Defendant's liabilities under the policy. Additionally, as concerns a stay, Plaintiff

makes a seemingly valid point that a declaratory judgment on the policy's requirements as to Defendant's duty to post an appeal bond would be meaningless once the appeal is over.[4]  *Cf. Sears, Roebuck & Co. v. Hartford Acc. & Indem. Co.*, No. 93c5467, 1994 WL 55727, at *2 (N.D. Ill. Feb. 22, 2013) ("The question of Hartford's duty to defend Sears should be settled promptly, rather than stayed.  The value of a duty to defend is diminished if its imposition is delayed while a case proceeds.").

Defendant offers no other grounds for stay.  On the grounds offered, Defendant has not met its burden of demonstrating that a stay of Count IV is necessary.  Accordingly, a stay is not warranted based upon the court's inherent authority.

---

[4] With that said, the court recognizes the potential for indirect federal-court interference with the Alabama Supreme Court's ruling on the bond issue.  The practical effect of a judgment declaring that the policy requires Defendant to post an appeal bond in the full amount of the state-court judgment and a corresponding order directing specific performance of the insurance policy, as Plaintiffs request, arguably would have the effect of undoing the Alabama Supreme Court's ruling on the appropriate bond amount.  But to the extent that abstention issues are at play, Defendant has not briefed or argued abstention or even requested it.  Accordingly, without the aid of briefing, the court declines to address whether abstention as to Count IV would be appropriate.

## III.  CONCLUSION

Based on the foregoing, it is ORDERED that Defendant's motion to stay is GRANTED in part and DENIED in part.  The motion is granted as to Counts I, II, and III, and denied as to Count IV.

It is further ORDERED that Plaintiffs' request for oral argument is DENIED as moot.

DONE this 25th day of July, 2013.

>             /s/ W. Keith Watkins            
> CHIEF UNITED STATES DISTRICT JUDGE